Jones, J.
 

 Section 23 of the City Charter recites that, in case of purchase and sales of supplies, “if an amount in excess of three hundred dollars is involved, opportunity for competition shall be given.”
 

 Section 4328, General Code, provides that, when an expenditure exceeds $500, “the director of public service shall make a written contract with the lowest and best bidder after advertisement for not less than two or more than four consecutive weeks,” etc.
 

 In its journal entry the Court of Appeals stated that the only question in this controversy is whether the defendants were authorized to purchase supplies exceeding $500 without advertisement in a newspaper, as provided by Section 4328, General Code; or whether, under authority of the city charter, the defendants could purchase these supplies under competitive bidding secured without advertisement.
 

 Section 6, Article XIII, of the Constitution adopted in 1851, stipulates that the General Assembly shall provide for the organization of cities, “and restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent the abuse of such power.” And in the amendment adopted in 1912, Section 13, Article XVIII, recites that “laws may be
 
 *14
 
 passed to limit the power of municipalities to * * # incur debts for local purposes.”
 

 It cannot successfully be disputed that the purchases and contracts for supplies made by the purchasing agent became debts; and the requirement for advertising contained in the statute was a restriction and a limitation upon the power of a municipality to incur such debts. Where the same principal and the same sections of the Constitution were involved, this court held that the power of all municipalities to levy taxes may be limited or restricted by general laws.
 
 State, ex rel. City of Toledo,
 
 v.
 
 Cooper, Aud.,
 
 97 Ohio St., 86, 119 N. E., 253. That case was later approved and followed in
 
 State, ex rel. City of Dayton,
 
 v.
 
 Bish, Aud.,
 
 104 Ohio St., 206, 135 N. E., 816, where the syllabus recites: “The power of municipalities both to incur debts and to levy taxes may be restricted or limited by law. And a municipality, by adopting a charter, cannot escape from limitations imposed thereon by the General Assembly.” It must be remembered that Article XVIII, adopted in 1912, embraces all municipalities, charter or non-charter, and when, in Section 13 of that Article, it was again stipulated that the power of such municipalities to
 
 levy taxes or incur debts
 
 could be limited by state law, it furnishes a persuasive reason for applying that constitutional provision to all municipalities, whether operating under charter or otherwise. Consonant with that principle, this court in
 
 Berry
 
 v.
 
 City of Columbus,
 
 104 Ohio St., 607, 136 N. E., 824, held that, under our present Constitution, the provisions of a city charter, relating to assessments which are in conflict with
 
 *15
 
 state laws, must yield to the requirements of the state laws.
 

 The requirement for advertising, where expenditures exceed $500, was one of the methods of limitation expressly imposed upon the debt-incurring power of municipalities. The duty of advertising imposed upon the director of public service by Section 4328, General Code, is now exercised and discharged by the purchasing agent of Lima under the provisions of the city charter. The Code section relating to advertising applies to all cities; and we are loath to hold that a municipality can, by indirection, absolve itself from the restrictions imposed by Section 4328, General Code, by adopting the expedient of casting the duty of advertising upon one whom the charter designates a purchasing agent instead of the director of public service.
 

 There is another and cogent reason requiring the reversal of the lower courts. Section 117 of the City Charter expressly provides that, “all general laws of the state applicable to municipal corporations * * * and which are not in conflict with the provisions of this Charter * * * shall be applicable to this city.” Since Section 23 of the City Charter simply provides “opportunity for competition,” without providing any method therefor, we do not find any conflict between the charter and state law upon that subject; the charter provision can well be construed to mean that the “opportunity for competition” is that provided by statute, since no particular or other method has been designated in the charter.
 

 Since it appears by the agreement of the parties that the purchase of the repaving brick alone is in
 
 *16
 
 volved, to which a restraining order conld now apply, it is the opinion of this court that the judgments of the lower courts should be reversed and the defendants be enjoined from purchasing or issuing vouchers for said material until the city complies with the advertising requirements under the state law.
 

 Judgment reversed.
 

 Marshall, O. J., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.