### CLEVELAND (city) v ARTL et

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 17004 & 17005. Decided May 15, 1939

Henry S. Brainard, Cleveland; Raymond F. Dacek, Cleveland, for plaintiff-appellant.

Walter I. Krewson, Cleveland; Lawrence O. Payne, Cleveland, for defendants-appellees.

(SHERICK, J. and MONTGOMERY, J., of the Fifth District, sitting by designation )

## OPINION

By SHERICK, J.

These causes are independent reviews on questions of law from the municipal court of the City of Cleveland. Although the matters are not consolidated, we shall dispose of them in one opinion because of the fact that both are susceptible of solution upon the same legal principles. Both actions are predicated upon findings made by the Bureau of Inspection and Supervision of Public Offices and are brought in conformity to §286, GC, to recover back money averred to have been illegally disbursed.

In case No. 17004 the city seeks recovery from the members of two committees of council for stated sums paid to them by way of reimbursement for travelling and maintenance expenses incurred in trips to the State Capital for the purpose of advising and urging the Governor and members of the Legisla-

ture of impending relief crises and the urgency of enactment of relief legislation. These pilgrimages were two in number. They were preceded in each instance by enactment of an emergency resolution which recite in part that the president of council shall appoint a committee of five members:

"To go to Columbus and urge the Governor to suggest or submit to the Legislature some program that would supplement the relief needs of the relief administration of Cleveland and Cuyahoga County."

"For the purpose of going to Columbus to urge the Legislature to take prompt action to meet the relief situation in Ohio, particularly in Cuyahoga County and the City of Cleveland."

Beyond doubt, the object of these hegiras was a most laudable one; with the social ethics thereof, however, this court may not be concerned.

Cause No. 17005 seeks recovery of expense reimbursements made for a different purpose which is evidenced by a portion of the resolution adopted empowering the president of council to appoint a committee of five of its members:

"who shall also on behalf of the Council and the people of Cleveland, welcome Jesse Owens and his associates at New York City when they return to the United States."

Demurrers were interposed to these petitions, both of which were sustained. The city not desiring to plead further, judgments were entered against it and from which it now appeals.

The query which this court must now solve, is whether or not council was empowered by constitutional authority, legislative act or charter provision to enact the resolutions authorizing expenditure of municipal funds for the purposes enumerated?

It will be noted first from the quoted excerpts of the three resolutions that council not only proposed to expend municipal funds for the city's benefit, but also for the advancement of the interests of all the inhabitants of the state and 'particularly' the people of Cuyahoga County. In the New York reception matter, council displayed even greater generosity with the monies collected from the city's taxpayers, for it would have its committee not only convey the admiration of the people of Cleveland to the homecoming athletes, but also act as its representative in a like capacity, all at the expense, however, of the people of Cleveland. In either instance, it appeals to this court that the matters and things contemplated to be done by these committees could have been accomplished with more fitting propriety by the executive branch of the city's government rather than by members of its legislative branch which usually enact measures which are executed by the executive departments. But be this reason as it may, the members of this court are in complete unanimity on the certainty that the State Constitution, the City Charter and the Ordinances enacted in conformity therewith, nowhere therein contemplate a power or purpose, permissive of expenditure of municipal taxes for the benefit of the inhabitants of the state or the people of Cuyahoga County, or for council's convenience. It is axiomatic that local taxes collected in one subdivision of the state can not be diverted and spent for the benefit of another subdivision.

Are the contemplated purposes any more public in character than sanitary matters, such as sewer extensions? We think not. If appellees' argument be sound, then council might, when a shortage of funds is in the offing, resolve that committees be sent to the state legislature to induce it to enact measures which would make additional sums available for sewer extensions, all to be done out of tax monies. Councilmen could become lobbyists as well as legislators and remunerate themselves in their dual capacity. We know of no such power or authority in constitutional or charter provision. On the

contrary, it is directed in §6 of Art. XIII of the State Constitution, that:

"The General Assembly shall provide for the organization of cities, and incorporated villages by general laws; and restrict their power of taxation, assessments, borrowing money, contracting debts and loaning their credit, so as to prevent the abuse of such power."

We do not understand that this command is in any way abridged in such matters by §13 of Art. XVIII, known as the Home Rule Amendment. In Phillips v Hume, et al, 122 Oh St 11; 170 N. E. 438, the City of Lima by its charter authorized a method of purchasing not in conformity to the state law. It was held that the

"Power of municipality to incur debts may be limited or restricted by general law; limitations or restrictions in power of municipality to incur debts imposed by general law held applicable to all municipalities, whether operating under charter or otherwise."

This being true, the further inquiry comes: does the charter of the City of Cleveland contain a provision authorizing council to exercise a power conferred expressly or by implication upon it to do the things that have been done which conform to the laws of the state?

Appellees urge upon us portions of Sections 1 and 2 of the City's Charter which we quote:

"Section 1: The city shall have all powers that now are, or hereafter may be granted to municipalities by the constitution, or laws of Ohio; and all such powers whether expressed or implied, shall be exercised and enforced in the manner prescribed by this chapter, or when not prescribed herein, in such manner as shall be provided by ordinance or resolution of council."

"Sec. 2: The enumeration of particular powers by this chapter shall not be held or deemed to be exclusive but, in addition to the powers enumerated herein, implied thereby or appropriate to the exercise thereof, the city shall have, and may exercise all other powers which, under the constitution and laws of Ohio, it would be competent for this charter specifically to enumerate."

In the matter of the relief and trips to the State Capital, we are admonished that "a certain degree of responsibility for providing relief to its needy" is cast upon a municipality by §3476, GC. And that by implication the powers exercised and expenditures made are fully warranted by the resolutions adopted by Council.

The answer to appellees argument reposes in the fact that such powers as have been assumed by council have never been granted to municipalities by the constitution or laws of Ohio. Laws have been enacted providing that sewers may be built; but it has never been prescribed that in pursuance thereof council may compensate its members for junketing trips out of public funds for the purpose of procuring the enactment of measures to accomplish the end primarily sought.

Municipal corporations in their public capacity, when they act in respect to the expenditure of monies raised by taxation, possess only such powers as are expressly granted them by constitutional provision or legislative act, and only such implied powers as are necessary to carry into effect powers which are expressly granted.

Implied powers are in fact available courses that may be pursued by municipal legislative bodies towards the accomplishment of necessary but unenumerated powers whose ends are not susceptible of attainment without the aid and invocation of such implied powers as if they had been fully granted in the first instance. In the present cases council would usurp a power not granted to municipalities to accomplish a purpose which was only capable of consummation by the act of another independent legislative body.

Such is not our understanding of implied powers.

Since the adjudication of the case of State ex Thomas v Semple, Director of Finance of the City of Cleveland, 112 Oh St 559, the charter ot the city has undergone no change with respect to the provisions now under review. In that case the power of council to contribute to the support of a "Conference of Ohio Municipalities" was questioned. It was held:

"It does not follow, from the broad powers of local self-government conferred by **Article XVIII of the Constitution** of the state, that a municipal council may expend public funds indiscriminately and for any purpose it may desire * * * . Without considering the validity of such a provision, it must be conceded that there is no express provision of the charter of the city of Cleveland relative to the contribution from the treasury of the city to a fund made up of contributions of various municipalities for the purposes enumerated in the Constitution of the 'Conference of Ohio Municipalities'; and no general provision from which authority may be inferred to expend the fund of the city * * * ."

The reasons therein assigned are equally pertinent to the two claimed powers asserted by the appellees. It therefore follows that the judgments complained of are reversed and the causes are remanded for further proceedings.

LIEGHLEY, PJ (acting) & MONTGOMERY, J., concur.