THE STATE, EX REL. CRONIN, DIRECTOR OF PORT CONTROL, CITY OF CLEVELAND, APPELLEE, *v.* WALD, COMMR., DIVISION OF PURCHASES AND SUPPLIES, CITY OF CLEVELAND, APPELLANT, ET AL.

[Cite as State, ex rel. Cronin, v. Wald (1971), 26 Ohio St. 2d 22.]

(No. 70-490—Decided March 31, 1971.)

24

*Messrs. Squire, Sanders & Dempsey* and *Mr. Daniel J. O'Loughlin,* for appellée.

*Mr. Clarence L. James, Jr.,* director of law, *Mr. George J. Dinda, Mr. Donald J. Guittar* and *Mr. Walter Carson,* for appellant.

STERN, J. The issue presented in this case is whether the requirements of a city charter or those of a statute control the limitation of the actual amount of money which may be expended without councilmanic authorization.

In this case, the conflict arises between Section 108 of the Charter of the city of Cleveland and R. C. 715.18 and 735.05.

Section 108 of the Cleveland charter provides:

"All contracts involving any expenditure in excess of three thousand five hundred dollars ($3,500.00) shall first be authorized and directed by ordinance of council. When so authorized and directed, the director of the department involved shall make a written contract with the lowest and best bidder, after advertisement once a week for two consecutive weeks in the City Record. There shall be no splitting of orders to avoid the effect of this section, and any contract made contrary to or in evasion of the foregoing provisions of this section, shall be illegal and void."

R. C. 715.18 provides, in pertinent part:

"No such purchase, construction, alteration, or repair shall be made except upon requisition by the director, the officer at the head of the department for which it is to be made or done, or upon the order of the legislative authority of such municipal corporation, nor shall any purchase, construction, alteration, or repair for any of such departments be made or done except on authority of the legislative authority and under Sections 735.05 to 735.09, inclusive, of the Revised Code, if the cost thereof exceeds one thousand five hundred dollars."

R. C. 735.05 reads:

"The director of public service may make any contract, purchase supplies or material, or provide labor for any work und^r the supervision of the department of public service involving not more than one thousand five hundred dollars. When an expenditure within the department, other than the compensation of persons employed therein, exceeds one thousand five hundred dollars, such expenditure shall first be authorized and directed by ordinance of the legislative authority of the city. When so authorized and directed, the director shall make a written contract with the lowest and best bidder after advertisement for not less than two nor more 'han four consecutive weeks in a newspaper of general circulation within the city."

Appellant contends that these statutory sections are debt-limitation provisions which the General Assembly enacted under the authority of Section 13, Article XVIII, and

26

Section 6, Article XIII of the Ohio Constitution. He relies solely upon *Phillips* v. *Hume* (1930), 122 Ohio St. 11, which he asserts is dispositive of this case. Consequently, it is encumbent upon us to reexamine that case.

In *Phillips,* the City Commission of Lima passed ordinances authorizing its purchasing agent, defendant Hume, to obtain certain items. Three contracts, in each of which the price exceeded $500, were entered into by the defendants for the purchase of these items. The bids were secured on a competitive basis. However, there was no advertisement for bids. G. C. 4328 (now R. C. 735.-05) provided that when an expenditure exceeded $500 "* * * the director shall make a written contract with the lowest and best bidder after advertisement for not less than two nor more than four consecutive weeks * * *." Yet, Section 23 of the Lima City Charter stated that "* * * if an amount in excess of three hundred dollars is involved, opportunity for competition shall be given." Plaintiff taxpayer initiated the suit to enjoin the defendants from making the purchases and from paying for them.

In the syllabus of *Phillips,* the court held:

"1. The power of municipalities to incur debts may be limited or restricted by general laws. Such limitations or restrictions are warranted by Section 6, Article XIII of the Constitution adopted in 1851, and also by Section 13, Article XVIII of the amendments adopted in 1912. Such limitations or restrictions apply to all municipalities, whether operating charter or otherwise. (*State, ex rel. Toledo,* v. *Cooper,* 97 Ohio St., 86, *State, ex rel.,* v. *Bish,* 104 Ohio St., 206, and *Berry et al.* v. *Columbus,* 104 Ohio St. 607, are approved and followed.)

"2. The requirement for advertising provided in Section 4328, General Code, is one of the methods of limitation expressly imposed upon the debt incurring power of municipalities, when an expenditure exceeds five hundred dollars; and if the provisions of a city charter are in conflict with a state law upon that method they must yield to the requirements of the state law."

Holding contrary to the statement in paragraph two of the syllabus in *Phillips* is the case of *State, ex rel. Toledo,* v. *Weiler* (1920), 101 Ohio St. 123. Significantly, *Weiler* was neither briefed for nor cited by the court at the time *Phillips* was decided. Paragraphs two and three of the syllabus in *Weiler* read:

"2. Grant of power from the legislature is not a prerequisite, and under the provisions of Section 13, Article XVIII of the state Constitution, the indebtedness which may be incurred for such purpose is subject *only* to the limitation prescribed by the legislature as to the extent of general tax levies and the *aggregate amount of indebtedness* that may be incurred for all local purposes.

"3. Each municipality assumes responsibility consonant with the authority conferred, and is not only permitted but required to determine for itself the portion of its taxing and *debt incurring power* which shall be used for any authorized municipal purpose, *within such constitutional and legislative limitation.*" (Emphasis added.)

Although the General Assembly can, under the provisions of Section 13, Article XVIII, and Section 6, Article XIII, of the Ohio Constitution, limit a municipality's aggregate indebtedness, it may not, under those sections, prescribe the *manner and method* which a municipal corporation must follow in setting the actual monetary amount of expenditures which could be made without councilmanic authorization. As R. C. 715.18 and 735.05 do specify such a procedure, among other requirements, they are not debt limitations within the meaning of those constitutional provisions. If a city charter provision pertaining to the procedure for limiting the amount of money which a city may contract to expend conflicts with a state law, the charter provision prevails as a valid exercise of the home rule power.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and LEACH, JJ., concur.